**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**OLD REPUBLIC INSURANCE COMPANY,**

        Plaintiff,

v.                                                                                CASE NO. 08-12533
                                                                                  HONORABLE DENISE PAGE HOOD

**MICHIGAN CATASTROPHIC
CLAIMS ASSOCIATION,**

        Defendant.
_____/

**ORDER DENYING OLD REPUBLIC INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT, GRANTING MICHIGAN CATASTROPHIC CLAIMS ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING ACTION**

**I.     INTRODUCTION**

Before the Court is Plaintiff, Old Republic Insurance Company's ("Old Republic") Motion for Summary Judgment, filed on January 20, 2009. On February 16, 2009, Defendant, Michigan Catastrophic Claims Association ("MCCA"), filed a Response to Old Republic's Motion for Summary Judgment. On May 25, 2009, Old Republic filed a Supplemental Brief in Support of its Motion for Summary Judgment.[1]

Also before the Court is the MCCA's Motion for Summary Judgment, filed on February 16,

---

[1] In Old Republic's Supplemental Brief, Old Republic advised this Court that initially it had sought PIP benefits for two claims, one payable under a policy issued to CSX Corporation, and the other payable under a policy issued to Penske Truck Leasing Co., L.P. However, Old Republic has learned through discovery that the Penske policy involved a vehicle not registered in Michigan. *See* Docket No. 39. Along with its Brief, Old Republic submitted a Proposed Stipulated Order of Partial Dismissal of its claim relating to the Penske policy. *Id.*, Ex. A.

2009.  On March 4, 2009, Old Republic filed a Brief in Response to the MCCA's Motion for Summary Judgment.  On March 11, 2009, the MCCA filed a Reply in Support of its Motion for Summary Judgment.  On May 26, 2009, the MCCA filed a Supplemental Brief in Support of its Motion for Summary Judgment and on May 27, 2009, the MCCA filed a Notice of Supplemental Authority to apprise the Court of new persuasive authority from the Oakland County Circuit Court, Pontiac, Michigan.  A hearing on these matters was held on January 10, 2009.

## II.     STATEMENT OF FACTS

Old Republic, an insurer authorized to write auto insurance in the state of Michigan, filed the instant action due to a dispute over the interpretation of Michigan's No-Fault statute, in particular, its "catastrophic claims" provision.  *See* MICH. COMP. LAWS § 500.3101, *et seq*.  The dispute raises a question of first impression in this circuit regarding the MCCA's obligation to reimburse Old Republic for no-fault personal injury protection ("PIP") benefits paid in excess of the statutory threshold when Old Republic's policy requires its insureds to share financial responsibility for the claim.  Old Republic seeks a declaration of its right to be reimbursed by the MCCA for PIP benefits payable under Michigan's No-Fault statute.  Old Republic also seeks damages, claiming that it has wrongfully been denied reimbursement of catastrophic benefits by the MCCA.

The MCCA, established when the Michigan legislature enacted MICH. COMP. LAWS § 500.3104, is an unincorporated, nonprofit association of insurers.  Pursuant to MICH. COMP. LAW § 500.3104(2), the MCCA operates as a reinsurer for statutorily mandated PIP benefits, with the MCCA indemnifying member insurers for losses that exceed a statutorily specified catastrophic level. Michigan law mandates that insurers who write automobile no-fault insurance polices participate in, and become members of the MCCA.  *See* MICH. COMP. LAWS § 500.3104(1).  In

return for this mandatory participation, the MCCA is required to indemnify its members for 100% of the amount of 'ultimate loss' sustained in PIP losses that exceed the statutory limits.[2] The MCCA charges its member insurers a premium based on the number of 'car years' of insurance written in Michigan.

The instant dispute arose when the MCCA refused Old Republic's request for payments on a catastrophic claim.[3] Old Republic issued a commercial no-fault automobile policy to CSX Corporation ("CSX"), with the policy including the standard ISO endorsement for PIP benefits.[4] Under the PIP endorsement, Old Republic is obligated "to pay personal injury protection benefits to or for an 'insured' who sustains 'bodily injury' caused by an 'accident' and resulting from the ownership, maintenance or use of an 'auto' as an 'auto.'

Separate and apart from this policy, Old Republic entered into an agreement with CSX, entitled 'Reinsurance Agreement-T265' and 'Program Agreement-T266.' *See* Plf.'s Mot. for Summ. J., Ex. H. This reinsurance agreement between CSX and Old Republic describes an arrangement

---

[2] When the statute was enacted, the threshold was $250,000.00, but it is adjusted annually. *See* MICH. COMP. LAWS § 500.3104(2).

[3] As discussed in footnote 1, *supra*, Old Republic no longer seeks reimbursement for PIP benefits paid under the Penske policy. As such, the Court will not discuss Old Republic's claim in regard to the Penske policy.

[4] In 2004, Old Republic insured CSX Corporation under Business Auto Insurance Policy No. MWTB 18629, covering vehicles registered in many different states. The PIP endorsement states that Old Republic:

> [W]ill pay personal injury protection benefits to or for an 'insured' who sustains 'bodily injury' caused by an 'accident' and resulting from the ownership, maintenance or use of an 'auto' as an 'auto.' These benefits are subject to the provisions of Chapter 31 of the Michigan Insurance Code.

*See* Plf.s Mot. for Summ. J., Ex. B at 1.

whereby Old Republic will administer the claims and CSX will fund an escrow account to be used for the payment of losses and loss expenses per certain schedules. *Id.*, Schedule A at 2. CSX funds the escrow account 100% for 'Business Automobile Liability.'[5]

In 2004, CSX employee Donald Tarnoski was severely injured when his truck ran off the road and struck a bridge support. Mr. Tarnoski has incurred medical bills and other PIP losses far in excess of $600,000.00. Old Republic submitted a claim and made several subsequent requests to the MCCA for reimbursement of sums paid in excess of the catastrophic threshold, but the MCCA denied the claim. In its final letter denying Old Republic's request, the MCCA stated that it was not obligated to reinsure claims paid under fronting policies because the insurer-member of the MCCA does not actually incur a loss.[6]

## III. APPLICABLE LAW & ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has

---

[5] Under this Agreement CSX "accepts from [Old Republic] such shares of the liabilities assumed by [Old Republic] on the reinsured policies . . . as are specified in the Schedule A attached and made part of this Agreement." *Id.*, at 1.

[6] The final letter, sent in response to Old Republic's request that the MCCA "reconsider its decision to deny Old Republic Insurance Company's [] requests for payment under fronting policies" states in pertinent part:

> The MCCA reiterates that it will not pay the amounts requested because Old Republic has not incurred an 'ultimate loss.'. . . Under the terms of the fronting policies, Penske Truck Leasing Company and CSX Corporation paid such benefits. This arrangement is a form of self-insurance. Under these circumstances, Old Republic has not incurred an actual or ultimate loss.

*See* Old Republic's Mot. for Summ. J., Ex. D, May 5, 2008 Denial Letter.

4

interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The moving party has "the burden of showing the absence of a genuine issue as to any material fact."  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985).  In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party.  *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983).  But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry to summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact.  "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (citations omitted). The nonmovant must demonstrate with "enough evidence that *will be* admissible at trial to demonstrate that a genuine issue on a material fact exists, and that a trial is necessary." *Alexander v. CareSource*, 576 F. 3d 551, 558 (6th Cir. 2009) (emphasis in original). "Such evidence submitted in opposition to a motion for summary judgment must be admissible."  *Id.*  Hearsay evidence and unauthenticated documents do not meet the requirements of Rule 56(e). *Id.* at 558-59. Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission

5

to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

**B. Cross Motions for Summary Judgment**

It is Old Republic's contention that the MCCA cannot avoid its obligation to indemnify its member-insurers when the insurance policy at issue includes a high deductible, or a self-insured retention, or some other funding mechanism, that shifts all or some of the payment obligation to the insured. Old Republic's present motion requests that this Court interpret section 3104 of Michigan's No-Fault Act and declare as a matter of law that the MCCA is statutorily obligated to indemnify Old Republic for the excess PIP benefits it is obligated to pay and that are payable under its insurance business auto policies.

The MCCA counters that this Court should deny Old Republic's motion for summary judgment and should grant summary judgment in its favor as Old Republic is not entitled to reimbursement because it (1) has no evidence that it paid the premiums on the vehicle driven by Mr. Tarnoski, (2) has not sustained an 'ultimate loss,' and (3) section 10.06 requires member-insurers to turn over recoveries from third parties, including insureds.

Old Republic contends that the MCCA's argument that Old Republic cannot prove it paid its premiums on the vehicle involved in Mr. Tarnoski's accident is not a real issue in this case. According to Old Republic, the real issue is whether the MCCA was entitled to deny Old Republic's reimbursement claim because it interprets 'ultimate loss' to mean an actual loss in excess of the statutory limit suffered by Old Republic, and not by CSX, which has paid PIP benefits directly to Mr. Tarnoski.

The Court concludes that it need not reach the legal issue of first impression raised by Old

Republic as Old Republic has failed to establish that it paid premiums on the vehicle owned by CSX Corporation. Therefore, the Court declines to address whether the MCCA is obligated to reimburse Old Republic for PIP benefits paid in excess of the statutory limit when Old Republic's policy transfers some or all of the financial burden to CSX.

Section 3104(7)(d) of Michigan's No-Fault Act provides that the MCCA must calculate a total premium for all vehicles required to be registered in Michigan. *See* MICH. COMP. LAWS § 500.3104(7)(d). This section then describes generally the method the MCCA uses for calculating member premiums. Subsection (e) of section 3104(7) provides that the MCCA shall:

> (e) Require and accept the payment of premiums from members of the association as provided for in the plan of operation. The association shall do either of the following:
>
>> (i) Require payment of the premium in full within 45 days after the premium charge.
>>
>> (ii) Require payment of the premiums to be made periodically to cover the actual cash obligations of the association.

MICH. COMP. LAWS § 500.3104(7)(e). Section 3104(1) states that "[e]ach insurer engaged in writing insurance coverages that provide the security required by section 3101(1) within this state, as a condition of its authority to transact insurance in this state, shall be a member of the association and shall be bound by the plan of operation of the association." MICH. COMP. LAWS § 500.3104(1). The MCCA's Plan of Operation requires members to pay premiums charged in full within "such period of time after the premium charge is billed by the Association as the Board may establish." *See* Def.'s Resp. to Plf.'s Mot. for Summ. J., Ex. 7, Art. 9.05. Section 9.05 of the Plan of Operation gives the MCCA the right to demand that a member provide a list of vehicles that correspond to the premium payment made by the member.

Under Michigan's No Fault statute, the MCCA is required to indemnify a member-insurer whenever that member can establish that its claim (1) is for an 'ultimate loss,' (2) sustained under personal protection insurance coverages, and which, (3) exceeds the statutory threshold. *See* MICH. COMP. LAWS § 500.3104(2); *See also, United States Fid. Ins. & Guar. Co. v. MCCA*, 482 Mich. 414; 759 N.W.2d 414 (2008). However, even where a member-insurer can establish these three requirements, failure to pay a premium to the MCCA disqualifies the member from receiving MCCA indemnification. *See Liberty Mutual Ins. Co. v. MCCA*, 248 Mich. App. 35, 49; 638 N.W. 2d 155 (2001). The Court concludes that Old Republic cannot establish that it is entitled to indemnification from the MCCA as it has not provided this Court with admissible evidentiary support that it paid the MCCA a premium on the CSX vehicle involved in the Tarnoski accident. The issue of whether the MCCA's interpretation of 'ultimate loss' under Michigan's No-Fault Act is correct is not ripe for this Court's consideration as there remains no case or controversy presently before the Court.

On October 27, 2007, Old Republic's Vice-President, George Jones, testified that he knew of no record kept by Old Republic establishing that it paid a premium on the CSX vehicle involved in the Tarnoski accident. *See* Def.'s Mot. for Summ. J., Ex. 1, at 85-87. Mr. Jones could not testify conclusively that Old Republic keeps track of which vehicles are on the CSX policy. At his deposition, he testified:

> Q. Okay. But are you saying that nobody keeps track of which vehicles are on the policies? I mean, by VIN numbers, for example?
>
> A. I don't believe so. Vehicles go on and off all the time, at renewal–but I don't know the answer to that question so I can't answer you.

*Id.* at 85.

After this Court ordered Old Republic to "produce documents relating to MCCA premiums for the vehicles involved in the accidents. . . on or before March 16, 2009[,]" Old Republic produced twenty-five pages relating to MCCA premiums for CSX vehicles. *See* Doc. No. 30, Ord. at 1. After receipt of said documents, the MCCA served on Old Republic a Notice of Deposition under Federal Rule of Civil Procedure 30(b)(6) and Old Republic designated Vice-President and Controller David Brockhaus and Assistant Controller and Assistant Vice-President David Kostenbader to testify on its behalf. The first four pages of the twenty-five pages produced by Old Republic relating to MCCA premiums for CSX vehicles are alleged to be a list of the CSX vehicles covered by the subject no-fault auto insurance policy[7]; however Mr. Brockhaus could not verify that the listed vehicles were in fact covered by Old Republic's policy. *See* Def.'s Supp. Br., Ex. F, at 12-15. Also of note is Mr. Brockhaus' testimony that Mr. Jones had given him the list, but Mr. Brockhaus did not know when the list was prepared, who it was prepared by, or the contents of the list. *Id.* Additionally, neither Mr. Brockhaus nor Mr. Kostendbader could aver that the vehicles listed remained on the policy throughout the policy period. *Id.* at 11; *See also*, Ex. G at 22. Further, this list of vehicles was not 'on file' with the company at the time the policy was executed as Mr. Brockhaus testified that it was prepared in response to the ongoing litigation and not at the time the policy was written. *See* Def.'s Supp. Br., Ex. F, at 13.

Based on the list provided by Old Republic and the Rule 30(b)(6) depositions, the Court finds that the MCCA is entitled to judgment in its favor. Old Republic has not come forward with admissible evidence "concerning an essential element of [it's] case" in that it cannot show that it

---

[7] The Business Auto Policy contains a box to provide information describing each covered vehicle under the policy. This section of the policy indicates that this information is "on file with the company." *See* Plf.'s Mot. for Summ. J., Ex. A at 2.

paid the requisite premium to the MCCA on the vehicle involved in the Tarnoski claim. The list of vehicles submitted is an untitled document, and Old Republic's designated representatives cannot testify with knowledge regarding who prepared this list, when it was prepared and where the information contained therein was obtained. This is not enough to withstand summary judgment. *See Alexander v. CareSource*, 576 F. 3d at 558-59.

**IV.    CONCLUSION**

Accordingly,

IT IS ORDERED that Old Republic's Motion for Summary Judgment [**Docket No. 10, filed on January 20, 2009**] is DENIED.

IT IS FURTHER ORDERED that the MCCA's Motion for Summary Judgment [**Docket No. 18, filed on February 16, 2009**] is GRANTED.

IT IS FURTHER ORDERED that this CAUSE OF ACTION is dismissed.


                                         S/Denise Page Hood
                                         Denise Page Hood
                                         United States District Judge

Dated:  September 29, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2009, by electronic and/or ordinary mail.

                                         S/William F. Lewis
                                         Case Manager