**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

OLD REPUBLIC INSURANCE COMPANY,

Plaintiff,

v.

MICHIGAN CATASTROPHIC CLAIMS ASSOCIATION,

Defendant.
______________________________________/

Case No. 08-12533

HONORABLE DENISE PAGE HOOD

**ORDER REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**
**AND**
**ORDER DISMISSING ACTION**

## I. BACKGROUND

This action is on remand from the Sixth Circuit Court of Appeals, vacating this Court's entry of Judgment in favor of Defendant Michigan Catastrophic Claims Association ("MCCA") and remanding the matter for further proceedings. (Doc. #54) The mandate issued on May 24, 2012. (Doc. #55)

On remand, the parties have resolved the premium issue which was before the Sixth Circuit Court of Appeals. The parties have agreed that they would proceed by way of cross-motions for summary judgment on the remaining issue. This matter is now before the Court on the parties' cross-motions for summary judgment. Briefs have been filed and a hearing held on the matter.

Plaintiff Old Republic Insurance Company, an insurer authorized to write auto insurance in the state of Michigan, filed the instant action due to a dispute over the interpretation of Michigan's No-Fault statute, in particular, its "catastrophic claims" provision. *See* MICH. COMP. LAWS § 500.3101, *et seq*. The issue is the determination of Defendant Michigan Catastrophic

Claims Association's ("MCCA's") obligation to reimburse Old Republic for no-fault personal injury protection ("PIP") benefits paid in excess of the statutory threshold when Old Republic's policy requires its insureds to share financial responsibility for the claim. Old Republic seeks a declaration of its right to be reimbursed by the MCCA for PIP benefits payable under Michigan's No-Fault statute.

MCCA, established when the Michigan legislature enacted MICH. COMP. LAWS § 500.3104, is an unincorporated, nonprofit association of insurers. Pursuant to MICH. COMP. LAW § 500.3104(2), the MCCA operates as a reinsurer for statutorily mandated PIP benefits, with the MCCA indemnifying member insurers for losses that exceed a statutorily specified catastrophic level. Michigan law mandates that insurers who write automobile no-fault insurance polices participate in, and become members of the MCCA. *See* MICH. COMP. LAWS § 500.3104(1). In return for this mandatory participation, the MCCA is required to indemnify its members for 100% of the amount of 'ultimate loss' sustained in PIP losses that exceed the statutory limits.[1] The MCCA charges its member insurers a premium based on the number of 'car years' of insurance written in Michigan.

The instant dispute arose when the MCCA refused Old Republic's request for payments on a catastrophic claim. Old Republic issued a commercial no-fault automobile policy to CSX Corporation ("CSX"). The policy included the standard ISO endorsement for PIP benefits. Under the PIP endorsement, Old Republic is obligated "to pay personal injury protection benefits to or for an 'insured' who sustains 'bodily injury' caused by an 'accident' and resulting from the ownership,

[1] When the statute was enacted, the threshold was $250,000.00, but it is adjusted annually. *See* MICH. COMP. LAW § 500.3104(2).

maintenance or use of an 'auto' as an 'auto.'"

Separate and apart from this policy, Old Republic entered into an agreement with CSX, entitled 'Reinsurance Agreement-T265' and 'Program Agreement-T266.' This reinsurance agreement between CSX and Old Republic describes an arrangement whereby Old Republic will administer the claims and CSX will fund an escrow account to be used for the payment of losses and loss expenses per certain schedules. CSX funds the escrow account at 100% for 'Business Automobile Liability.'

In 2004, CSX employee Donald Tarnoski was severely injured when his truck ran off the road and struck a bridge support. Mr. Tarnoski has incurred medical bills and other PIP losses far in excess of $600,000.00. Old Republic submitted a claim and made several subsequent requests to the MCCA for reimbursement of sums paid in excess of the catastrophic threshold, but the MCCA denied the claim. In its final letter denying Old Republic's request, the MCCA stated that it was not obligated to reinsure claims paid under fronting policies because the insurer-member of the MCCA does not actually incur a loss.

## II. ANALYSIS

### A. Standard of Review

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

**B. Cross Motions for Summary Judgment**

The parties agree that the only remaining legal issue is whether MCCA must indemnify all excess PIP benefits or whether MCCA can avoid its obligation based on the Plan of Operation where Old Republic must turn over any payment it receives from its insureds. It is Old Republic's contention that the MCCA cannot avoid its obligation to indemnify its member-insurers when the insurance policy at issue includes a high deductible, or a self-insured retention, or some other funding mechanism, that shifts all or some of the payment obligation to the insured. Old Republic's present motion requests that this Court interpret section 3104 of Michigan's No-Fault Act and declare as a matter of law that the MCCA is statutorily obligated to indemnify Old Republic for the excess PIP benefits it is obligated to pay and that are payable under its insurance business auto policies and that MCCA's "rule" requiring reimbursement conflicts with the statute since it is not

consistent with the enabling statute. MCCA agrees that recent cases in Michigan hold that it is required to indemnify Old Republic, but because Old Republic must reimburse whatever it receives from its insureds to MCCA, MCCA should not be required to make payments to the insurers since those payments will be reimbursed back to the MCCA. MCCA argues that section 10.06, the provision at issue in its Plan of Operation, is not a "rule." MCCA claims that it is not a governmental agency. Accordingly, the Plan of Operation is not a "rule" imposed on an agency. Section 10.06 of the Plan of Operation is not in conflict with section 3104 of the No-Fault Act and that Old Republic must reimburse MCCA for any payments it receives from its insured.

MICH. COMP. LAW § 500.3104(2) provides that MCCA must indemnify its member insurers for "100 % of the amount of ultimate loss sustained under personal protection insurance coverages" in excess of amounts set by subsections (a)-(k). MICH. COMP. LAWS § 500.3104(2)(a)-(k). "Ultimate loss" is defined as "the actual loss amounts that a member is obligated to pay and that are paid or payable by the member" under its PIP coverages, excluding claim expenses. MICH. COMP. LAW § 500.3104(25). MCCA's Plan of Operation, under Article X, Section 10.06 provides that a member insurer must turn over to the MCCA any amount it recovers from a third party for which the member has already been reimbursed by the MCCA. Section 10.06 provides:

> ***Recovery from Other Sources.*** Whenever a Member recovers from a third party an amount for which it has already been reimbursed by the Association, the Member shall promptly turn such recovered monies over to the Association to the extent of any reimbursement theretofore received, provided that the Board may permit a Member to retain therefrom such amount as the Board deems reasonable and necessary attorney fees and litigation costs incurred in connection with obtaining the recover from the third party.

(Plan of Operation, § 10.06).

Both parties agree that based on the cases in Michigan, MCCA must pay Old Republic 100%

of its ultimate loss. *See*, *American Home Assurance Co. v. MCCA*, 288 Mich. App. 706 (2010); *Old Republic Ins. Co. v. MCCA*, 2012 WL 1314131 (Apr. 17, 2012)(unpublished). These cases also hold that Section 10.06 of the Plan of Operation obligates a member to reimburse MCCA any recovered monies, including deductibles the insured must pay to the member. *American Home,* 288 Mich. App. at 722; *Old Republic,* 2012 WL 1314131, at * 3. In *Old Republic,* the Michigan Court of Appeals held that the Plan of Operation is a contractual agreement between the MCCA and its member insurers, which requires the insurer to turn over amounts that the insurer receives from a third party. *Id.* at *2. The statute which provides that MCCA indemnify member insurers "is separate from the insurers' obligation to reimburse the MCCA, and the obligations do not conflict." *Id.*

Based on these cases, there is no dispute that MCCA must pay its members 100% of their ultimate loss. Despite the rulings before the Michigan Court of Appeals (and the Michigan Supreme Court's recent denial for leave to appeal this decision), Old Republic continues to argue that the Plan of Operation obligating Old Republic to reimburse MCCA, conflicts with the statute because the Plan of Operation is a "subrogation rule." Old Republic asserts that as a subrogation rule, the Plan of Operation is contrary to the enabling statute.

Old Republic raised this same argument before the Michigan Court of Appeals. It is noted that the Michigan Court of Appeals found that the Plan of Operation is a "contractual agreement" between the MCCA and its members. MCCA is not an "agency" of the State where it may enact "rules" to govern its relationships with others. Rather, the MCCA is an unincorporated nonprofit Association of insurers. MICH. COMP. LAW § 500.3104. As already recognized by the Michigan Court of Appeals, the Plan of Operation is a "contractual agreement" between the MCCA and its

members, like Old Republic. There is no need, therefore, to view the language in the Plan of Operation as a "rule" of an agency. The Michigan Court of Appeal's ruling in *Old Republic*, applies–that Old Republic under the contract must reimburse MCCA for any amounts Old Republic receives from its insureds.

Although the MCCA argues that it should not be required to pay Old Republic because any monies Old Republic receives from its insured will ultimately be turned over to MCCA, the statute requires otherwise. Under the statute, MCCA must first pay Old Republic. If Old Republic received any monies from its insured, only then is Old Republic required to reimburse the MCCA.

## III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff Old Republic Insurance Company's Motion for Summary Judgment **(Doc. No. 58)** is DENIED.

IT IS FURTHER ORDERED that Defendant Michigan Catastrophic Claims Association's Motion for Summary Judgment **(Doc. No. 59)** is GRANTED.

This Order, having resolved the sole remaining legal issue in this case, IT IS FURTHER ORDERED that this action is DISMISSED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 26, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 26, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager